**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-00138-REB-CBS

SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,
BMG MUSIC, a New York general partnership,
CAPITOL RECORDS, INC., a Delaware corporation, and
WARNER BROS. RECORDS, INC., a Delaware corporation,

    Plaintiffs

v.

CATHERINE M. FILLO,

    Defendant.

---

**ORDER DENYING DEFENDANT'S
MOTION FOR CHANGE OF VENUE**

---

**Blackburn, J.**

The matter before me is the defendant's **Motion to Change** Venue [#61][1] filed April 1, 2009. The plaintiff filed a response [#63]. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. §§ 1331 (federal question).

### II. STANDARD OF REVIEW

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The district court is vested with considerable discretion in determining whether transfer is appropriate. ***Chrysler***

---

[1] "[#61]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

*Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id*. at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). The movant bears the burden of establishing that the existing forum is inconvenient. *Id*. at 1515. This is a heavy burden, *Texas Gulf Sulphur Co.*, 371 F.2d at 148, "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). *See also Cargill Inc. v. Prudential Insurance Co. of America*, 920 F.Supp. 144, 146 (D. Colo. 1996).

### III.  ANALYSIS

In their Amended Complaint [#42], the plaintiffs allege that the defendant, Catherine Fillo, "without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public . . sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels . . . . " *Amended Complaint* [#42], ¶ 18. The plaintiffs allege that the Fillo downloaded or distributed the sound recordings via the internet using a peer-to-peer network and software known as Limewire. The plaintiffs state that on March 24, 2007, a third party retained by the plaintiffs identified an individual at a specific internet protocol (IP) address using Limewire to distribute the

2

plaintiffs' copyrighted sound recordings.  The University of New Hampshire identified Fillo as the individual responsible for the identified IP address on the date and time in question.  The plaintiffs filed this lawsuit in the United States District Court for the District of Colorado.  In their Amended Complaint, the plaintiffs bring an action against Fillo for infringement of the plaintiffs' copyrights.

In her present motion, Fillo asks that venue for this action be transferred to the District of New Hampshire.  Fillo argues that the alleged actions at issue took place in New Hampshire and that witnesses who will be essential to Fillo's defense are "students and/or administrators or employees at the University of New Hampshire."  *Motion To Change Venue* [#61], p. 2.  Fillo argues also that venue in Colorado is inconvenient for her because she must travel to Colorado for hearings and any trial.  Fillo asserts that transfer of venue to New Hampshire would not inconvenience the plaintiffs significantly because the plaintiffs are not residents of Colorado, the plaintiffs' expert resides in Iowa, and no other witnesses for the plaintiff are located in Colorado.

Of the several factors listed in **Chrysler Credit Corp. v. Country Chrysler, Inc.**, 928 F.2d 1509, 1515 (10th Cir. 1991), I conclude that three factors are primarily relevant to this case: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; and (3) all other considerations of a practical nature that make a trial easy, expeditious and economical.  In the circumstances of this case, the other **Chrysler** factors carry little or no weight in the venue analysis.

### A.  Plaintiffs' Choice of Forum

Fillo argues that the plaintiffs' choice of forum is entitled to diminished importance in this case because none of the relevant alleged copyright infringement occurred in

Colorado, and, thus, this case has few ties to Colorado. The plaintiffs do not allege specifically in the Amended Complaint that Fillo downloaded or distributed their copyrighted recordings while in Colorado. However, in their response to Fillo's motion, the plaintiffs cite evidence indicating that actions directly relevant to this dispute have taken place in Colorado. Specifically, the plaintiffs cite the deposition testimony of Fillo's brother indicating that Fillo used Limewire to download music to her computer and to her family's computer while Fillo was in Colorado. *Plaintiffs' opposition*, p. 11 (citing deposition testimony). The plaintiffs cite also the deposition testimony of Fillo's father indicating that he deleted Limewire from Fillo's computer, with Fillo's knowledge, just before the scheduled examination of the computer by the plaintiffs. *Id.* Both Fillo's brother and father reside in Colorado. Further, Fillo testified in her deposition that her home address is in Monument, Colorado. *Id.* Given this evidence, I conclude that this case has significant ties to the District of Colorado. There is no basis in the record to accord diminished importance to the plaintiffs' choice of forum.

"Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." ***Scheidt v. Klein***, 956 F.3d 963, 965 (10th Cir. 1992) (internal quotation and citation omitted). Considering all of the relevant factors, the balance in this case does not tip strongly in favor of Fillo. The choice of forum factor weighs in favor of the plaintiffs.

### B. Accessibility of Witnesses

Fillo argues that the plaintiffs' choice of Colorado as venue for this action is significantly detrimental to her ability to defend this case because her witnesses are located in New Hampshire. It is important to note that during discovery Fillo identified to the plaintiffs multiple University of New Hampshire students whom Fillo claimed had

4

used her computer in New Hampshire. The plaintiffs deposed seven of the students identified by Fillo. *Plaintiffs' opposition*, p. 5 (citing deposition testimony). All of these students testified that they had not used Limewire on Fillo's computer and they had no information about the sound recordings that were downloaded to Fillo's computer. *Id*. Some of the students testified that they had not used Fillo's computer at all. *Id*. In her present motion, Fillo does not name specifically any witness located in New Hampshire that is crucial or important to her planned defense. Fillo does not describe specifically the topic or tenor of any testimony she plans to present in her defense.

On the other hand, as discussed above, the deposition testimony of Fillo's brother and father provides evidence that is directly relevant to the plaintiffs' case. Both of these witnesses reside in Colorado, and the plaintiffs can compel these witnesses to testify in court in Colorado. The plaintiffs could not compel these two witnesses to testify in New Hampshire. The accessibility of witnesses factor weighs in favor of the plaintiffs.

### C.  Practical Considerations

The plaintiff filed her motion for a change of venue 14 months after this case first was filed. During those months, evidence has been developed demonstrating that this case has significant ties to the District of Colorado. Fillo has provided no evidence that witnesses crucial or important to her defense are located in New Hampshire. On balance, it will be easier to try this case in the District of Colorado because this case has been pending here for some time and because at least two, key, non-party witnesses are residents of Colorado. This case is set to begin trial on September 14, 2009, in the District of Colorado. Nothing in the record indicates that trial in the District of New Hampshire would be more expeditious. Undoubtedly, it will be more efficient to

complete the adjudication of this case in Colorado rather than transferring the case to the District of New Hampshire and, thus, requiring that court to begin anew. The practical considerations factor weighs in favor of the plaintiffs.

## IV.  CONCLUSION AND ORDER

Having considered and balanced the relevant factors, as stated in *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991), I find and conclude that those factors weigh in favor of maintaining venue for this case in the District of Colorado. None of the factors weighs in favor of a transfer of venue to the District of New Hampshire.

**THEREFORE, IT IS ORDERED** that the defendant's **Motion to Change** Venue [#61] filed April 1, 2009, is **DENIED**.

Dated July 10, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge